By the Court.
This was a proceeding in habeas corpus brought in the circuit court of Hancock county by H. A. Sideman' against J. H. Crawford as chief of police of the city of Find- *261 lay. The case was submitted to the court upon the petition, the return or answer of the defendant and an agreed statement of facts. H. Á. Sideman was a resident of the city of Chicago and an itinerant vendor of goods and merchandise. In compliance with the provisions of Sections 6357 to 6359, General Code, he procured from the secretary of state, on the 17th day of May, 1912, a license authorizing him to do business in this state as such itinerant vendor for the period of one year from said date. On May 23, 1912, he presented his license to the mayor of the city of Findlay and requested an issuance to him of a local license under the provisions of Section 6364, General Code. There was no ordinance of the city in force, providing for the payment of a local license fee for such purpose, and the mayor, acting under and by virtue of the provisions of the section last mentioned, proposed and offered to issue a local license authorizing Sideman to do business as such itinerant vendor in the city of Findlay, upon the payment by him of a local license fee of $25 per day, but the mayor refused to issue a local license for any less sum. Sideman refused to pay such local license fee and on the 27th day of May, 1912, he proceeded to. offer for sale and sold certain goods and merchandise, without having procured a local license as an itinerant vendor. On the same day he was arrested upon a warrant issued upon an affidavit charging him with having on the 27th day of May, 1912, sold goods as an itinerant vendor, without a local license therefor. He was found guilty of this charge by the judgment of the mayor and sen *262 tenced to pay a fine and costs. He prosecuted error from this judgment to the court of common pleas, which judgment was afterwards reversed, but while the proceeding in error was pending in the common pleas court, Sideman, on the 1st day of June, without having made further or additional application to the mayor, other than' that hereinbefore mentioned, and without having procured an itinerant vendor’s local license, again proceeded to and did sell goods and merchandise as an itinerant vendor in the city of Findlay. On the same day an affidavit was filed by the defendant below, J. H. Crawford, charging Sideman with selling goods as an itinerant vendor in the city of Findlay, without a license, upon which affidavit a warrant was issued by the mayor to said J. H. Crawford as chief of police, who thereupon arrested Sideman and confined him in the city prison. At the time of the allowance and issuance of the writ in the proceeding in the circuit court he was, by the said Crawford, so confined and restrained in the city prison.
In his petition, filed in the circuit court, he claimed that the demand of the mayor for the payment of a license fee of $25 for each and every day he was proposing to do business as an itin-' erant vendor was unreasonable, arbitrary and prohibitive, and claimed further that the section (6364, General Code) so far as it purports to confer authority upon the mayors of cities to determine and fix such local license fees, is unconstitutional, inoperative and void.
The circuit court found that there was no ordinance of the city of Findlay, fixing the right of *263 the mayor of said city to name the amount of the license, and that the plaintiff should be released on the ground that there was no ordinance under which the mayor had the right to impose a local license before plaintiff could do business and that the city council should provide the legislation necessary to make the matter effective. Plaintiff below, H. A. Sideman, by the order of the circuit court, was released and discharged and the costs taxed against the defendant below, J. H. Crawford, who is here asking for a reversal of the judgment of the circuit court.
Section 6364, General Code, is as follows:
“Before selling under a state license, an itinerant vendor shall exhibit it to the clerk or mayor of a municipal corporation where he proposes to make sales. Upon payment to such clerk or mayor of a local license fee, as provided by ordinance, or in the absence of such ordinance, such amount as the clerk or mayor, determines, and proof of payment of all other license fees, legally chargeable upon local sales, the clerk shall record such state license, indorse upon it the words, 'local license fees paid/ and affix his official signature, with the date of such indorsement. He shall then issue a local license authorizing sales within the limits of such city or village.”
Under the provisions of this section, in the absence of an ordinance providing for a local license fee, the clerk or mayor of a municipality is given the right and has authority to fix and determine the amount to be paid by an itinerant vendor as a local license fee, and the granting of this right is a valid exercise of legislative power *264 and is not repugnant to the constitution of the state. We are unable to say, from the facts as disclosed by the record, that the amount fixed by the mayor in the case at bar was unreasonable, arbitrary or prohibitive, and in the absence of such facts, the presumption obtains that the official performed his legal duty and was free from the abuse of discretion in determining the amount to be paid.
The circuit court erred in holding that., in the absence of an ordinance, the mayor had no right to impose a local license fee before plaintiff below could do business as an itinerant vendor, and the judgment of the circuit court is, therefore, reversed and the judgment is here rendered for plaintiff in error.'

Judgment reversed and defendant in error remanded to the custody of the chief of police.

Nichols, C. J., Donahue, Johnson, Newman, Wanamaker and Wilkin, JJ., concur.